UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL LOPEZ,<br><br>Defendant. | Case No. 1:09-cr-00166-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Gabriel Lopez's *pro se* Motion for Reduction of Sentence per 18 U.S.C. § 3582(c)(1)(A). Dkt. 41. The Government opposes the motion. Dkt. 44. After considering the briefing and record, the Court will grant the motion.

## BACKGROUND

In 2010, Lopez pled guilty to possession with intent to distribute 50 grams or more of methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime. *PSR*, Dkt. 45. Lopez was sentenced to 120 months on the drug possession charge and 60 months on the firearm charge, with the sentences to run

**MEMORANDUM DECISION AND ORDER - 1**

consecutively to each other, but concurrently to a previously imposed state sentence. *Judgment*, Dkt. 31.

Lopez was arrested after officers contacted him and determined he was under the influence of drugs or alcohol. *PSR*, Dkt. 45. When officers searched Lopez's car, they found approximately 88 grams of methamphetamine, two firearms, $9,500 in cash, and various drug paraphernalia. Lopez was held responsible for 907 grams of methamphetamine, because he admitted that some of the methamphetamine in his possession was left over from two pounds he sold earlier in the week.

Lopez had multiple convictions as a teenager, including possession of a controlled substance, for which he was charged as an adult. Between the time of his teenage convictions and the offense for which he is now incarcerated Lopez had no other convictions.

Lopez seeks compassionate release because he has two children, ages 11 and 13, and his wife – the children's primary caregiver – passed away in 2014. The children are being raised by their uncle, grandparents, and half-sisters. Dkt. 46. Lopez states that it has been difficult to keep his children together, and that he will care for them upon release. When Lopez's wife passed away in 2014, he sent a

**MEMORANDUM DECISION AND ORDER - 2**

letter to the Court asking for a sentence modification.[1] Dkt. 36. At the time, only BOP had authority to bring a motion for compassionate release, and the Court had no authority to grant his request.

Lopez has served over 11 years, or 80%, of his sentence. His projected release date is May 14, 2023. Lopez is currently incarcerated at FCI Safford, which is a low security facility. While incarcerated, Lopez has had no disciplinary actions and completed multiple classes, including the national parenting program. In support of his motion, Lopez submitted letters of recommendation from two of his supervisors and the deputy warden at Idaho Correctional Institution Orofino (ICIO). Dkt. 41-2. All three individuals describe Lopez's positive attitude and pro-social behavior. Lopez worked on the maintenance crew, which gave him access to tools, yet he was allowed to work without direct supervision.

---

[1] In February 2019, shortly after the First Step Act was passed, Lopez filed a *pro se* motion seeking release under § 3582(c)(2). Section 3582(c)(2) allows a court to modify a sentence where a sentencing range has been lowered by the sentencing commission. In that motion Lopez argued the First Step Act retroactively reduced the guidelines range he would be subject to, asked for release based on his wife's death, and referenced his positive performance while in prison. The Court denied his motion finding that it did not have authority under § 3582(c)(2) to grant his request because his guideline range had not been lowered.

**MEMORANDUM DECISION AND ORDER - 3**

**LEGAL STANDARD**

Lopez seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

**ANALYSIS**

Lopez requested compassionate release from the Warden of his facility in early 2020. Therefore, his motion is ripe for consideration.

Lopez has demonstrated extraordinary and compelling reasons warranting his release. Section 1B1.13 of the Sentencing Guidelines identifies "the death or incapacitation of the caregiver of the defendant's ... minor children" as an

extraordinary and compelling reason for release.[2] U.S.S.G. § 1B1.13 cmnt. n. (1)(C).

The Government argues that, because Lopez's wife passed away six years ago, there are no longer extraordinary and compelling reasons for releasing him. The Court disagrees. Until passage of the First Step Act at the end of 2018, only the Director of BOP could bring a motion for compassionate release. Congress passed the First Step Act to expand and expedite the use of compassionate release. *United States v. Brooker*, 976 F.3d 228, 233 (2d Cir. 2020). Lopez could not have brought a motion for compassionate release at the time of his wife's death. Instead, he would have had to ask BOP, which almost certainly would have denied his request. *See id.* at 231. Further, this is Lopez's third request to the Court to release him due to his wife's passing and the desire to care for his children. While the first two efforts were not successful, they help demonstrate Lopez's desire to care for his children and his concern about their wellbeing. Taking into account the change in law, and Lopez's continued efforts to care for his children, the Court finds that he has demonstrated extraordinary and compelling reasons warranting his release.

The § 3553(a) factors also support granting Lopez's motion for release. The

---

[2] While § 1B1.13 is not binding, it remains persuasive. *United States v. Linares*, 2021 WL 27295, at *2 (D. Idaho Jan. 4, 2021).

**MEMORANDUM DECISION AND ORDER - 5**

original sentence of 180 months was required by the applicable mandatory minimum sentences. The guideline range, apart from the statutory minimum sentence, was 108-135 months. Thus, Lopez has served 80% of the sentence actually imposed and more than what the guidelines would have called for in the absence of the mandatory minimum sentence.

To be sure, Lopez's crime was serious, but he has performed admirably while incarcerated. He is now in his late thirties and will have the responsibility of caring for his children if released. The letters of recommendation from staff at ICIO speak of Lopez as trustworthy, hardworking, pro social, and positive. The Court finds Lopez's post-incarceration behavior and the changed circumstances relating to his wife and children change the § 3553(a) analysis significantly since he was sentenced. Further, based on the letters of recommendation and Lopez's record while incarcerated – with zero disciplinary incidents – the Court finds that he is not a danger to the community if released.

**MEMORANDUM DECISION AND ORDER - 6**

## ORDER

**IT IS ORDERED** that Gabriel Lopez's Motion for Reduction of Sentence per 18 U.S.C. § 3582(c)(1)(A) (Dkt. 41) is GRANTED. Gabriel Lopez's sentence is reduced to time served. The Bureau of Prisons shall release Lopez as soon as possible to begin serving his term of supervised release.

DATED: March 11, 2021

_____
B. Lynn Winmill
U.S. District Court Judge